David. S. Casey, Jr., SBN 060767
*dcasey@cglaw.com*
Gayle M. Blatt, SBN 122048
*gmb@cglaw.com*
Jeremy Robinson, SBN 188325
*jrobinson@cglaw.com*
P. Camille Guerra, SBN 326546
*camille@cglaw.com*
James M. Davis, SBN 301636
*jdavis@cglaw.com*
**CASEY GERRY SCHENK**
**FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

*Attorneys for Plaintiff*
*and the proposed classes*
*\*Additional counsel listed on*
*signature page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY ELLINGTON, on behalf of himself and a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ECLIPSE RECREATIONAL VEHICLES INC., a California corporation,<br><br>Defendant. | Case No.: 5:20-cv-00800<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

1       Plaintiff Ty Ellington, individually, and on behalf of all others

2   similarly situated, upon personal knowledge of the facts pertaining to him and on

3   information and belief as to all other matters, by and through undersigned counsel,

4   hereby brings this Class Action Complaint against Defendant Eclipse Recreational

5   Vehicles, Inc. ("Eclipse"), and alleges as follows:

6   **NATURE OF THE CASE**

7       1.    Consumers who purchased model years 2012 through 2016

8   recreational vehicles manufactured, marketed, distributed, or sold by Defendant

9   Eclipse (hereinafter, the "Class Vehicles") reasonably expected, and were

10   promised, merchantable recreational vehicles with frames that would not fracture

11   under ordinary use.

12       2.    Instead, the Class Vehicles were designed, manufactured, and sold

13   with frames that were too thin and/or composed of poor-quality metal with an

14   insufficient tensile strength (referred to herein as the "Frame Defect"). As a result,

15   the frames on all Class Vehicles are prone to fracture under ordinary use,

16   rendering the Class Vehicles unstable, dangerously unsafe, and often useless.

17       3.    The Frame Defect is inherent in each Class Vehicle and was present

18   at the time of sale. Even if not yet manifested, the Frame Defect poses a serious

19   safety hazard to all users and occupants of the Class Vehicles and anyone around

20   them because of the risk of fracture.

21       4.    Eclipse has long known of the Frame Defect through direct consumer

22   complaints, complaints to the National Highway Transportation Safety

23   Administration ("NHTSA"), complaints posted on well-known and highly

24   trafficked forums relating to recreational vehicles, and, upon information and

25   belief, quality control testing. Despite this knowledge, Eclipse has not

26   acknowledged the existence of the Frame Defect, offered to repair the Frame

27   Defect, issued a recall to inspect and repair the Class Vehicles, or offered to

28   reimburse the Class Vehicle owners for costs incurred to identify and repair this

CLASS ACTION COMPLAINT

1 | defect.

2 | **JURISDICTION**

3 | 5. The Court has jurisdiction over Plaintiff's and the Class's claims

4 | pursuant to 28 U.S.C. § 1332(d) because: (a) this action is brought as a proposed

5 | class action under Fed. R. Civ. P. 23; (b) the proposed Class includes more than

6 | 100 members; (c) many of the proposed Class members are citizens of states that

7 | are diverse from Defendant's citizenships; and (d) the matter in controversy

8 | exceeds $5,000,000, exclusive of interest and costs.

9 | 6. The Court has personal jurisdiction over Eclipse because it is

10 | incorporated in Riverside, California, which is located in this District, and

11 | transacts a substantial amount of business throughout this District, including, but

12 | not limited to, the promotion, marketing, distribution, and sale of Class Vehicles.

13 | 7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because

14 | a substantial part of the events and/or omissions giving rise to Plaintiff's and the

15 | Class members' claims occurred within this District. Eclipse has marketed,

16 | advertised, and sold the Class Vehicles within this District. Plaintiff also resides in

17 | this District.

18 | **PARTIES**

19 | 8. Plaintiff Ty Ellington resides in Riverside County, in the State of

20 | California. Mr. Ellington purchased a 2015 Eclipse Attitude on February 12, 2015

21 | from Giant RV, located in Colton, California 92324.

22 | 9. Mr. Ellington still owns his vehicle. At the time of purchase, the

23 | Eclipse recreational vehicle did not exhibit any cracks in its frame or any other

24 | manifestation of the Frame Defect.

25 | 10. Defendant Eclipse Recreational Vehicles, Inc. is incorporated in the

26 | State of California and is headquartered in Riverside, California. Eclipse sells,

27 | markets, distributes and services Class Vehicles in the United States.

28 | / / /

CLASS ACTION COMPLAINT

1

**FACTUAL BACKGROUND**

2

*The Frame Defect*

3    11.    A motor vehicle's frame (also called the "chassis") is basically its

4  foundation. It is the main supporting structure of the vehicle and all other major

5  components are attached to it. In addition to supporting the vehicle and its

6  components and occupants, a vehicle frame must be able to deal with static and

7  dynamic loads, e.g., torsional twisting from uneven surfaces, lateral forces from

8  wind and road conditions, without too much deflection or distortion. Vehicle

9  frames encounter a great amount of stress during use and must be designed and

10  manufactured to withstand it.

11    12.    A damaged motor vehicle frame is dangerous. It can cause control

12  issues due to uneven weight distribution, and can even break completely during

13  use, likely causing a serious vehicle crash. It can also cause alignment problems

14  and uneven tire wear.

15    13.    Here, the Class Vehicles are designed, manufactured, or sold with

16  frames that are too thin and/or composed of poor-quality metal with an insufficient

17  tensile strength. As a result, the Class Vehicles' frames are prone to severe

18  fracturing under ordinary use, rendering them unstable, unsafe and often entirely

19  useless.

20    14.    As used in this Complaint, the "Class Vehicles" refer to Eclipse

21  recreational vehicles sold in the United States, including the following models:

22  • Attitude Series 2012 – 2016

23  • Stellar Series 2012 – 2016

24  • Evolution Series 2012 – 2016

25  • Milan Series 2012 – 2016

26  • Iconic Series 2014 - 2016

27    15.    Frame damage to vehicles compromises their safety and stability.

28  According to CarBrain, a nationwide used car buying company, frame damage

CLASS ACTION COMPLAINT

"can be devastating. Your entire vehicle is thrown out of alignment, and since bends in a frame can be expensive to repair, it might not be worth it."[1]

16.    Frame damage also has a severe impact on the value of the vehicle, lowering the resale value by 30 to 70 percent compared to an undamaged model.[2]

***Eclipse's Knowledge of the Frame Defect***

17.    Eclipse has long been aware that the frames of its recreational vehicles have been prone to severe fracturing, as customers have submitted complaints to NHTSA, posted complaints on well-known and highly trafficked online forums, and contacted Eclipse directly regarding fractured frames. And, upon information and belief, Eclipse knew of the Frame Defect through quality control testing.

18.    Federal law, specifically the TREAD Act, requires automakers like Eclipse to be in close contact with NHTSA regarding potential auto defects and imposes a legal requirement, backed by criminal penalties, compelling the confidential disclosure of defects and related data by vehicle manufactures to NHTSA, including field reports, customer complaints, and warranty data. As part of this obligation, Eclipse must monitor NHTSA databases for consumer complaints. *See TREAD Act,* Pub. L. No. 106-414, 114 Stat.1800 (2000).

19.    Those complaints, dating as far back as 2015 and available for viewing on NHTSA's website, www.safecar.gov, refer to "a complete failure of the I-Beam,"[3] state that "the I Beam has cracked and broken all the way threw (sic) in several places," and complain of "cracks visible in the chassis and across members of the vehicle,"[4] and "cracks in the frame"[5]

---

[1] https://carbrain.com/Blog/what-is-frame-damage
[2] https://www.carfax.com/blog/structural-damage-101
[3] NHTSA ID number 10730436, dated 6/25/15
[4] NHTSA ID number 11031941, dated 10/5/17
[5] NHTSA ID number 11088701, dated 4/17/18

20.     Eclipse has also long known about the Frame Defect from online complaints in well-known and highly trafficked forums such as RV.net, RVForum.net, RiverDavesPlace.com, RVInsider.com, and the Dune & Dirt Forums, dating as far back as 2014[6]. Some examples of such complaints are listed below (spelling and grammar mistakes remain as found in the original):

> I have been reading over the past few years about all the problems people have been having with Lippert frames. Is this still going on? .... I wish there was a list of manufacturers who use these frames that people can reference to in order to keep away from them.
> -invmartyc, dated 2/28/2014[7]

> Thor and Forest River also use the Lippert frames. What I cannot understand is that this is not new. There were reports in 2010 (maybe even earlier) yet the problem persists. If I were the trailer mfr. I would be looking elsewhere. It hurts your reputation and adds to warranty costs. I doubt it would cost more than $200 extra to make them properly in the first place....There are 5th wheels and TT's that are 30 years old still going down the road and I don't ever remember the frames being a problem...  In my youth I worked for a company in Canada that made trailer frames for horse and travel trailers. We sometimes had axle problems or bad springs but the frames are so simple it was not hard to make them right. Owners should report these problems to NHTSA. Maybe they could be recalled
> -moisheh, dated 3/1/2014[8]

> Just a heads up - keep an eye on the Lippert frame on these. Mine is developing cracks on the I beam vertical between and aft of the spring shackle mounts. ...I don't overload mine, and I don't beat it up. Well, I drive on I5 through the Central Valley so I guess I do beat it up. [emoticon] Most of its life has been on pavement except for the last few hundred yards into various motocross tracks in NorCal. I have about 9000 miles on it in the last 3 years, bought it new Jan 2012.

---

[6] The Class Vehicles all have Lippert frames, so the references to Lippert frames in the below examples applies to the frames used in the class vehicles.

[7] http://www.rvforum.net/SMF_forum/index.php?topic=72140.0

[8] Id.

-mhamershock, dated 2/9/15[9]

21.    Certain online postings also show that Eclipse was contacted directly by the frame manufacturer and consumers who complained of cracked frames:

> Lippert cc'd Danny Z from Eclipse (who I've dealt with before on minor repairs that I've done myself) on their emails so he is aware. Eclipse has been good to deal with in the past for the small issues I've had. I've got no slide. I have cracks on both sides in the same spot. There is a cross brace just aft of the rear spring hanger and the I beam has cracked at the welds. There is also one crack on the drivers side between the wheels just fore of the center spring hanger. All the cracks are maybe 2.5" long. I've done no suspension mods and it is not lifted. The repair plan seems to be a number of plates welded to the I beam as well as additional cross bracing (2x2") between the spring shackles. I believe that torsional twisting is occurring during turns.
> -mhamershock, dated 2/10/2015[10]

> No Lippert denied any help I can't even get Eclipse rv to return my phone call

> I called eclipse first they said it was the frame manufactures problem the frame manufacture pointed the finger at eclipse for cutting corners on the frame to save
> -shockwave714, dated 10/13/2016[11]

22.    Despite such available information, Eclipse never recalled the Class Vehicles or offered to repair the Frame Defect.

23.    Eclipse never disclosed the Frame Defect to any potential buyers, including the Class Members. Instead, Eclipse concealed this information from buyers, including the Class Members, so that the Class Members could not make

---

[9] https://www.rv.net/forum/index.cfm/fuseaction/thread/tid/28193642/print/true.cfm

[10] https://www.rv.net/forum/index.cfm/fuseaction/thread/tid/28193642/print/true.cfm

[11] https://www.riverdavesplace.com/forums/threads/buyer-beware-eclipse-trailers.156962/ (separate posts by same user on a single forum thread)

CLASS ACTION COMPLAINT

informed purchase decisions. Even after Class Members purchased the Class Vehicles, Eclipse has continued to refuse to acknowledge the existence of the defect.

24.     Eclipse is experienced in the design and manufacture of recreational vehicles. As an experienced recreational vehicle manufacturer, and on information and belief, Eclipse conducts quality control testing on its recreational vehicles, to verify that parts are free from defect and align with Eclipse's specifications. Accordingly, Eclipse knew that the frames used in the Class Vehicles were defective and prone to suffer from fracturing.

25.     Additionally, Eclipse made representations that would have led consumers to believe that the Class Vehicles would not suffer from frame fracturing. For instance, in its Owner's Manual, which customers will find online and may review before deciding to purchase,[12] Eclipse represented:

> You can look forward to many years of traveling and vacationing pleasure. We are committed to helping you enjoy your Eclipse product.

> Proper care and maintenance of your Eclipse RV will provide you with many years of comfort and enjoyable use.

> With normal use of your RV, with the exception of full time use, or used (sic) as permanent housing you will be able to perform normal maintenance that will ensure your RV will provide you many years of enjoyable use.

26.     These statements are untrue and the promises therein are unfulfilled. At the time of the filing of this Complaint, the oldest of the Class Vehicles has been on the road 8 years or less.  Yet the frames on numerous Class Vehicles have suffered from severe frame fracturing, as soon as 2 years after the date of purchase.

_____
[12] http://attitudetoyhaulers.com/manual/

***Plaintiff's Experiences***

27.     On February 12, 2015 Ty Ellington purchased a new 2015 Eclipse Attitude TL32GSG from Giant RV in Colton, California.

28.     In January 2019, while Ellington was on the way home from camping in Arizona, he noticed that his trailer was swaying. Ellington had to proceed the rest of the way slowly, fearing that the Eclipse Attitude would flip over. When Ellington arrived home, he examined underneath his Eclipse Attitude and discovered cracks along the frame rails. Ellington had never encountered issues with his Eclipse Attitude until that day.

29.     Ellington contacted Giant RV about the cracked frame and requested a mobile mechanic. Giant RV declined to do so and told him he needed to bring the Eclipse Attitude to them.

30.     However, due to the cracks in the frame, Ellington was unable to have the trailer towed to Giant RV.

31.     Ellington thereafter contacted Eclipse, which refused to help and directed him to contact the frame manufacturer.

32.     Thereafter, Ellington contacted the frame manufacturer and sent photos of the cracked frame. The frame manufacturer offered to send him gussets that could be affixed to the frame. Ellington declined the gussets, which, at best, would have been a temporary and inadequate fix. Because of the severity of fracturing, replacing the frame entirely was necessary.

33.     Since the frame in Ellington's Eclipse Attitude fractured, Ellington has been unable to use the vehicle because of the compromised frame, which has rendered the vehicle useless and nearly worthless.

34.     Without a functionable recreational vehicle, Ellington had to purchase a replacement recreational vehicle for approximately $18,000.

35.     Yet, Ellington continues to have to make monthly payments towards the Eclipse Attitude, which is unusable due to the Frame Defect.

CLASS ACTION COMPLAINT

36.     Had Ellington known of the Frame Defect at the time of purchase, Ellington would not have purchased his Eclipse Attitude or would have paid far less for it.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated as members of the proposed Classes pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3):

**A. The Nationwide Class**

38.     Plaintiff seeks to represent a proposed Nationwide class (the "Nationwide Class"), defined as follows:

> All persons and entities who purchased a Class Vehicle in the United States for personal use and not for resale.

**B. The California Subclass**

39.     Plaintiff seeks to represent a subclass comprised of California residents (the "California Subclass"), defined as follows:

> All persons and entities who purchased a Class Vehicle in the State of California for personal use and not for resale.

40.     Excluded from the proposed classes is Eclipse, including any entity in which Eclipse has a controlling interest, is a subsidiary, or which is controlled by Eclipse, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Eclipse.

41.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

42.     **Numerosity**: Although the exact number of Class Members is

CLASS ACTION COMPLAINT

uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable from information and records in Eclipse's possession, custody, or control, as well as from records kept by the Department of Motor Vehicles.

43.   **Typicality**: Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class Members, purchased a Class Vehicle designed, manufactured, and distributed by Eclipse, and equipped with the defective frame. The representative Plaintiff, like all Class Members, has been damaged by Eclipse's misconduct in that he has incurred or will incur the cost of repairing or replacing the defective frame. Furthermore, the factual bases of Eclipse's misconduct are common to all Class Members and represent a common thread resulting in injury to the Class as a whole.

44.   **Commonality**: There are numerous questions of law and fact common to Plaintiff, the Class, and Sub-Class that predominate over any question affecting only individual Class Members. These common legal and factual issues include the following:

a) whether the Class Vehicles suffer from the Frame Defect;

b) whether Eclipse's alleged conduct constitutes the use or employment of an unconscionable commercial practice, deception, fraud, false pretense, false promise, and/or misrepresentation within the meaning of the applicable state consumer protection statutes;

c) whether Eclipse was unjustly enriched by its conduct;

d) whether the Frame Defect is a design defect and/or a defect in material, manufacturing, and/or workmanship;

e) whether the Frame Defect constitutes a safety risk;

f) whether and when Eclipse knew or should have known about the Frame

CLASS ACTION COMPLAINT

Defect;

g) whether Eclipse knew or should have known that the Frame Defect in the Class Vehicles presents a safety risk;

h) whether Eclipse had a duty to disclose the Frame Defect;

i) whether Eclipse breached its duty to disclose the Frame Defect;

j) whether Eclipse intentionally and knowingly concealed, suppressed, and/or omitted material facts concerning the standard, quality or grade of the Class Vehicles and/or the Frame Defect;

k) whether Eclipse made material omissions concerning the standard, or grade of the Class Vehicles and/or the Frame Defect;

l) whether the defective nature of the Class Vehicles constitutes a material fact that reasonable consumers would have considered in deciding whether to purchase a Class Vehicle;

m) whether Eclipse breached its implied warranties to Plaintiff and members of the Nationwide Class and California Subclass;

n) whether members of the Nationwide Class and California Subclass would have paid less for a Class Vehicle if Eclipse, at the time of purchase, had disclosed the Frame Defect;

o) whether members of the Nationwide Class and California Subclass would have purchased a Class Vehicle if Eclipse, at the time of purchase, had disclosed the Frame Defect; and

p) whether damages, restitution, equitable, injunctive, compulsory or other relief is warranted.

45.    **Adequacy of Representation**: Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the other Class members. Additionally, Plaintiff has retained counsel competent and experienced in complex class action litigation. Therefore, the Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

CLASS ACTION COMPLAINT

46.    **Superiority**: A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this matter as a class action. The damages, harm, or other financial detriment suffered individually by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to litigate their claims on an individual basis against Eclipse, making it impracticable for Class members to individually seek redress for Eclipse's wrongful conduct. Even if Class members could afford individual litigation, the court system should not be forced to shoulder such inefficiency. Individualized litigation would create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## CHOICE OF LAW

47.    Eclipse is headquartered in California and its key decisions and operations emanate from California. As such, California law can and should apply to claims relating to the Frame Defect, even those made by persons who reside outside of California. In fact, California law should apply to all Class Members' claims, as Eclipse's decisions and substandard acts happened in California, and upon information and belief, the defective frames were installed in the Class Vehicles in California. For the sake of fairness and efficiency, California law should apply to these claims.

## TOLLING OF STATUTE OF LIMITATIONS

48.    At all times herein relevant, the Frame Defect was unknown to Plaintiff and the Class Members and unknowable through reasonable investigation until, at a minimum, it manifested in the form of actual frame damage. Eclipse sold the Class Vehicles to Plaintiff and the Class Members knowing that the sales

1  would take place without inspection by Plaintiff and the Class Members. Plaintiff
2  and the Class Members did not know, and could not have known, about the Frame
3  Defect before that time. Although the Frame Defect is present at the time of sale,
4  the frames develop cracks over time that are not immediately apparent to Plaintiff
5  and the Class Members under ordinary use. Further, the cracks in the frames
6  manifest in areas where Plaintiff and the Class Members would not ordinarily
7  examine, like areas near the axles and the I-Beam. Accordingly, any applicable
8  statute of limitation is tolled until the Frame Defect manifested in ways apparent
9  to Plaintiff and the Class Members, or the filing of this lawsuit, whichever is first.

10
11
                            **COUNT I**
        **Violation of the California Unfair Competition Law**
12              **Cal. Bus. & Prof. Code § 17200, et seq.**
                **(On Behalf of the Nationwide Class)**
13

14      49.    Plaintiff incorporates by reference all allegations in this Complaint as
15  though fully set forth herein

16      50.    Plaintiff brings this claim on behalf of himself and all members of the
17  Nationwide Class.

18      51.    California's Unfair Competition Law ("UCL"), California Business
19  and Professions Code §17200, et seq., prohibits any "unlawful, unfair or
20  fraudulent business act or practices."

21      52.    In the course of its business, Eclipse violated the UCL by engaging in
22  the following unlawful, fraudulent, and unfair business acts and practices:

23  a)  concealing from Plaintiff and members of the Nationwide Class that the
24      Class Vehicles and/or the equipped defective frames suffer from a defect
25      while obtaining money from Plaintiff and members of the Nationwide
26      Class;

27  b)  selling a recreational vehicle with a defect that renders the recreational
28      vehicle unsafe and unfit for normal use;

CLASS ACTION COMPLAINT

c) not disclosing to buyers, including members of the Nationwide Class, the existence of the Frame Defect in the Class Vehicles;

d) failing to honor implied warranties associated with the Class Vehicles;

e) failing to fix, repair, or otherwise remediate the Frame Defect in the Class Vehicles;

f) failing to notify Class Members of the defect or issue a recall of the Class Vehicles;

g) marketing the Class Vehicles and/or their defective frames as safe, durable, and defect-free; and

h) violating California statutory and common law prohibiting fraudulent concealment and breach of implied and express warranty.

53.     Eclipse's concealment of the true characteristics of the Class Vehicles were material to Plaintiff and the Nationwide Class members, and Eclipse misrepresented, concealed, or failed to disclose the truth with the intention that Plaintiff and the members of the Nationwide Class would rely on the misrepresentations, concealments, and omissions.

54.     Had they known the truth, Plaintiff and the members of the Nationwide Class would not have purchased the Class Vehicles or would have paid significantly less for them.

55.     Plaintiff and the Nationwide Class members suffered ascertainable loss and actual damages as a direct and proximate result of Eclipse's violations of the UCL set forth above.

56.     Pursuant to Cal. Bus. & Prof. Code § 17200, *et seq*., Plaintiff and the Nationwide Class members seek any such orders or judgments as may be necessary to restore to Plaintiff and Nationwide Class members any money acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code §§ 17203 and 3345, and any other just and proper relief available under the UCL.

## COUNT II
### Negligent Misrepresentation
### (On Behalf of the National Class and the California Subclass)

57.  Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

58.  Plaintiff brings this claim on behalf of himself and all members of the Nationwide Class and California Subclass.

59.  Eclipse, in the course of its business, and as part of transactions in which it had a pecuniary interest, misrepresented or omitted material facts regarding the standard, quality or grade of the Class Vehicles in purporting to supply information to Plaintiff and members of the Classes for their guidance in purchasing the Class Vehicles.

60.  Eclipse intended that Plaintiff and members of the Classes rely on the information and provided it for that purpose.

61.  Eclipse failed to exercise reasonable care or competence in obtaining and communicating the misrepresented and/or omitted facts to Plaintiff.

62.  Plaintiff justifiably relied upon Eclipse's false misrepresentations and/or omissions in purchasing their Class Vehicles.

63.  As a direct and proximate result of Eclipse's misrepresentations and omissions, and Plaintiff's reliance thereon, Plaintiff and members of the Classes suffered direct and consequential losses, including overpaying for their Class Vehicle, diminution in value of their Class Vehicles, and loss of use.

64.  As a consequence of its negligent misrepresentations and/or omissions, Eclipse is liable for actual damages, in an amount to be proven at trial, punitive damages, and costs.

/ / /

/ / /

/ / /

/ / /

## COUNT III
### Unjust Enrichment or Quasi-Contract
### (On Behalf of the National Class and the California Subclass)

65.    Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

66.    Plaintiff brings this claim on behalf of himself and all members of the Nationwide Class and California Subclass.

67.    Eclipse has received and retained a benefit from Plaintiff and members of the Classes and inequity has resulted.

68.    Eclipse benefitted through its unjust conduct by selling Class Vehicles with the Frame Defect at a profit for more than the Class Vehicles were worth to Plaintiff and members of the Classes, who overpaid for these Class Vehicles with the Frame Defect, and/or would not have purchased Class Vehicles at all, and who have been forced to pay other costs.

69.    It is inequitable for Eclipse to retain these benefits.

70.    Plaintiff and members of the Classes do not have an adequate remedy at law.

71.    As a result of Eclipse's conduct, the amount of its unjust enrichment should be disgorged, in an amount to be proven at trial.

## COUNT IV
### Breach of Implied Warranties
### Cal. Com. Code §§ 2314, 10103, and 10212
### (On Behalf of the California Subclass)

72.    Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

73.    Plaintiff brings this claim on behalf of himself and all members of the California Subclass.

74.    Eclipse is and was at all relevant times a "merchant" with respect to recreational vehicles under Cal. Com. Code §§ 2104(1) and 10103(c), and a "seller" of recreational vehicles under § 2103(1)(d).

75.     The Class Vehicles are and were at all relevant times "goods" within the meaning of Cal. Com. Code §§ 2105(1) and 10103(a)(8).

76.     A warranty that the Class Vehicles were in merchantable condition and fit for the ordinary purpose for which such goods are used is implied by law pursuant to Cal. Com. Code §§ 2314 and 10212.

77.     In addition, a warranty that the Class Vehicles and/or their defective frames were fit for their particular purpose is implied by law pursuant to Cal. Com. Code § 2315. Eclipse knew at the time of sale of the Class Vehicles that Plaintiff and the members of the California Subclass intended to use the vehicles in a manner requiring a particular standard of performance and durability, and that Plaintiff and the members of the California Subclass were relying on Eclipse's skill and judgment to furnish suitable products for this particular purpose.

78.     The Class Vehicles, when sold and at all times thereafter, were not in merchantable condition, not fit for the ordinary purpose, and not fit for their particular purpose as a result of their inherent defects, as detailed above. Specifically, they are inherently defective and dangerous in that the defective frames are prone to severely fracture under ordinary use. This Frame Defect renders the Class Vehicles unsafe and greatly reduces their value.

79.     Eclipse was provided notice of the Frame Defect by direct customer complaints, referrals from the frame manufacturer, customer complaints to NHTSA, in well-known and highly trafficked forums, quality control testing upon information and belief, and otherwise.

80.     As a direct and proximate result of Eclipse's breach of the implied warranty of merchantability, Plaintiff and the members of the California Subclass have been damaged in an amount to be proven at trial.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

## COUNT V
### Violation of the Song-Beverly Consumer Warranty Act
### for Breach of Implied Warranties
### Cal. Civ. Code §§ 1791.1 and 1792
### (On Behalf of the California Subclass)

81.     Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

82.     Plaintiff brings this claim on behalf of himself and all members of the California Subclass.

83.     The Class Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

84.     Eclipse is a "manufacturer" of the Class Vehicles within the meaning of Cal. Civ. Code § 1791(j).

85.     Eclipse impliedly warranted to Plaintiff and the California Subclass members that the Class Vehicles were "merchantable" within the meaning of Cal. Civ. Code §§ 1791.1(a) and 1792; however, the Class Vehicles do not have the quality that a buyer would reasonably expect.

86.     Cal. Civ. Code §1791.1(a) states: "'Implied warranty of merchantability' or 'implied warranty that goods are merchantable' means that the consumer goods meet each of the following:

(1)     Pass without objection in the trade under the contract description.

(2)     Are fit for the ordinary purposes for which such goods are used.

(3)     Are adequately contained, packaged, and labeled.

(4)     Conform to the promises or affirmations of fact made on the container or label."

87.     The Class Vehicles would not pass without objection in the trade of recreational vehicle sales because they are equipped with defective frames that were designed, manufactured, and/or installed in such a way that the Class Vehicles' frames suffer from severe fracturing. The Frame Defect renders the Class Vehicles unsafe, and thus, not fit for ordinary purposes.

88.    The Class Vehicles are not adequately labeled because the labeling fails to disclose the Frame Defect.

89.    In the various channels of information through which Eclipse sold the Class Vehicles, Eclipse failed to disclose material information concerning these products, which they had a duty to disclose. Eclipse owed Plaintiff and the California Subclass members a duty to disclose all the material facts concerning the Class Vehicles because Eclipse possessed exclusive knowledge, it intentionally concealed such material facts from Plaintiff and the California Subclass, and/or it made misrepresentations that were rendered misleading because they were contradicted by withheld facts.

90.    Eclipse breached the implied warranty of merchantability by manufacturing and selling Class Vehicles equipped with defective frames. Furthermore, this Frame Defect has prevented Plaintiff and the California Subclass members from receiving the benefit of their bargain and has caused the Class Vehicles to greatly diminish in value.

91.    As a direct and proximate result of Eclipse's breach of the implied warranty of merchantability, Plaintiff and the members of the California Subclass received goods with a dangerous condition that substantially impairs their value.

92.    Plaintiff and the California Subclass members have been damaged as a result of the diminished value of Eclipse's products.

93.    Under Cal. Civ. Code §§ 1791.1(d) and 1794, Plaintiff and the California Subclass members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their Class Vehicles, or the overpayment or diminution in value of their Class Vehicles.

94.    Under Cal. Civ. Code § 1794, Plaintiff and the California Subclass members are entitled to costs and attorneys' fees.

/ / /

/ / /

CLASS ACTION COMPLAINT

## COUNT VI
### Violation of the California Legal Remedies Act
### Cal. Civ. Code §§ 1750, *et seq*.
### (On Behalf of the California Subclass)

95.    Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

96.    Plaintiff brings this count on behalf of himself and all members of the California Subclass.

97.    Plaintiff and other members of the California Subclass were deceived by Eclipse's failure to disclose that the Class Vehicles share a uniform defect in that they are equipped with defective frames that are prone to fracture.

98.    Eclipse knew that the Class Vehicles and their frames suffered from an inherent defect, were defectively designed, and were not suitable for their intended use.

99.    Eclipse engaged in unfair or deceptive acts or practices when, in the court of its business it, among other acts and practices, knowingly made materially incomplete representations as to the characteristics, uses and benefits of the Class Vehicles.

100.   In the various channels of information through which Eclipse sold Class Vehicles, Eclipse failed to disclose material information concerning the Class Vehicles which it had a duty to disclose. Eclipse had a duty to disclose the defect because (a) Eclipse knew about the Frame Defect; (b) Eclipse had exclusive knowledge of material facts not known to the general public, Plaintiff, or the other California Subclass members; and (c) Eclipse concealed material facts concerning the frames in the Class Vehicles from the general public, Plaintiff, and the California Subclass members.  As detailed above, the information concerning the Frame Defect was known to Eclipse at the time of advertising and selling the Class Vehicles, all of which was intended to induce consumers to purchase the Class Vehicles.

101.   Eclipse intended for Plaintiff and the other California Subclass members to rely on it to provide safe, adequately designed, and adequately manufactured recreational vehicles and to honestly and accurately reveal the problems described throughout this Complaint.

102.   Eclipse intentionally failed or refused to disclose the Frame Defect to consumers.

103.   Eclipse's conduct and deceptive omissions were intended to induce Plaintiff and the other California Subclass members to believe that the Class Vehicles were safe, adequately designed, and adequately manufactured recreational vehicles.

104.   Eclipse's conduct constitutes unfair acts or practices as defined by the California Consumer Legal Remedies Act ("CLRA").

105.   Plaintiff and the other California Subclass members have suffered injury in fact and actual damages resulting from Eclipse's material omissions because they paid inflated purchase prices for the Class Vehicles.

106.   At this time, Plaintiff does not seek damages under this cause of action.  Under Section 1782 of the CLRA, Plaintiff will notify Eclipse in writing of the particular violations of Section 1770 of the CLRA and demand that Eclipse rectify the problems associated with the behavior detailed above, which acts and practices are in violation of the California Civil Code section 1770.

107.   If Eclipse fails to respond adequately to Plaintiff's above-described demand within 30 days of Plaintiff's notice, under California Civil Code section 1782(b), Plaintiff will amend the Complaint to request damages and any other relief permitted by California Civil Code section 1780.

108.   Pursuant to section 1782(d) of the CLRA, attached hereto as Exhibit A, is the affidavit showing that this action has been commenced in the proper forum.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter an order:

a.  certifying the Nationwide Class and California Subclass under Federal Rule of Civil Procedure 23, as requested herein;

b.  appointing Plaintiff as Class Representative and undersigned counsel as Class Counsel;

c.  finding that Eclipse engaged in the unlawful conduct as alleged herein;

d.  awarding Plaintiff and the other Class members damages;

e.  awarding Plaintiff and the other Class members restitution and disgorgement of monies Eclipse acquired through its violations of the law;

f.  requiring Eclipse to repair or replace the frames on the Class Vehicles;

g.  awarding Plaintiff and the other Class members pre-judgment and post-judgment interest on all amounts awarded;

h.  awarding Plaintiff and the other Class members reasonable attorneys' fees, costs, and expenses; and

i.  granting such other relief as the Court deems just and appropriate.

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2

Plaintiff, on behalf of himself and the proposed Nationwide Class and

3

California Subclass, hereby demands a trial by jury as to all matters so triable.

4

5

Dated:  April 15, 2020            /s/ Gayle M. Blatt
                                   GAYLE M. BLATT
6                                  *Attorneys for Plaintiff*

7

8
                                   **CASEY GERRY SCHENK**
9                                  **FRANCAVILLA BLATT &**
                                   **PENFIELD, LLP**
10                                 David S. Casey, Jr. (SBN 060768)
11                                 Gayle M. Blatt (SBN 122048)
                                   Jeremy Robinson (SBN 188325)
12                                 P. Camille Guerra (SBN 326546)
                                   James M. Davis (SBN 301636)
13                                 110 Laurel Street
14                                 San Diego, CA 92101
                                   Telephone: (619) 238-1811
15                                 Facsimile: (619) 544-9232

16
                                   **DAMIANI LAW GROUP, APC**
17                                 Lisa Damiani (SBN 137968)
18                                 1059 10th Avenue
                                   San Diego, CA 92101
19                                 Telephone: (619) 239-0170
                                   Facsimile: (619) 239-0216
20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT